# EVANS, COMMISSIONER OF PENSIONS,

*v.*

# UNITED STATES, ex rel. PHILLIPS.

---

### MANDAMUS; PARTIES; PENSION FEES.

Where the Commissioner of Pensions refused to order payment of an
attorney's fee in a pension case, and his order of refusal was
affirmed by the Secretary of the Interior on an appeal by the attor-
ney, and in a *mandamus* proceeding against both to compel the
payment, the petition was denied by the lower court as to the Secre-
tary and sustained as to the Commissioner, in which judgment the
relator acquiesced, it was *held,* on an appeal to this court by the
Commissioner, that the effect of the dismissal from the proceeding
of the Secretary, who was the principal party against whom relief
was primarily sought, was to carry with it the merely incidental
relief sought against his subordinate, the Commissioner, and the
order appealed from was reversed.

No. 1101.  Submitted December 3, 1901.  Decided January 7, 1902.

HEARING on an appeal by the Commissioner of Pensions
from a judgment of the Supreme Court of the District of
Columbia, directing a writ of *mandamus* to issue against
him.                                              *Reversed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a judgment ordering a writ of
*mandamus* to issue to the Commissioner of Pensions.

The petition was filed by the relator. Henry D. Phillips,
against both the Commissioner and the Secretary of the In-
terior. The facts upon which the judgment was rendered
appear in the petition and return of the respondents sub-
stantially as follows:— Prior to February 5, 1900, the relator,
an attorney then recognized by the Pension bureau, filed

an application for a pension, on behalf of Sarah A. Docherty, a widow of a soldier, under the act of Congress of June 27, 1890. Whilst this application was depending, on February 5, 1900, the Secretary of the Interior made an order disbarring the relator from practice before the Department for alleged unprofessional conduct in receiving fees, in excess of those permitted by law, in the case of one Ann Chambers. to whom a pension had been granted. On application to the Secretary of the Interior to review and recall said order, it was by him vacated and revoked on April 26, 1900.

After the order disbarring relator, and before its revocation, the Commissioner notified said Sarah A. Docherty that relator had been disbarred, and suggested the employment of some other attorney for the prosecution of her claim. The relator had filed no proof with the application and the same could not be granted without supporting proof.

March 15, 1900, the said Docherty filed a written instrument with the Commissioner revoking the authority of the relator, and, thereafter, with the assistance of others, made the necessary proof and obtained the certificate applied for.

The money due the pensioner was paid to her without the deduction of a fee for either the relator, or the attorney who succeeded him.

Section 4 of the act of June 27, 1890, relating to fees, provides: " That no agent, attorney, or other person engaged in preparing, presenting or prosecuting any claim under the provisions of this act shall, directly or indirectly, contract for, demand, receive, or retain for such services in preparing, presenting, or prosecuting such claim a greater sum than ten dollars, which sum shall be payable only upon the order of the Commissioner of Pensions, by the pension agent making payment of the pension allowed," etc.

It does not appear from the record that the substituted attorney made an application for the allowance and payment of a fee for his services. After the revocation of the order disbarring him from practice, the relator applied to the Commissioner for an order to the agent to pay him a fee of ten dollars, as attorney for the said Sarah Docherty, out of money coming to her as a pensioner. This was refused by him, and

relator appealed to the Secretary of the Interior, who, on January 11, 1901, refused to vacate the said order of refusal.

On the grounds, that the relator was the original attorney of the pensioner, and so remained, notwithstanding his temporary disability to prosecute the application that had been filed, and that it became the imperative duty of the Commissioner to order the payment to him of a fee of ten dollars for his services, the petition was filed for a writ of *mandamus* to compel him to perform that duty. Upon the hearing, the court below rendered a judgment directing the issue of the writ, to the Commissioner of Pensions, commanding him to " fix and order the payment to the relator, in the manner provided by law, of a fee not greater than ten dollars for his services as agent and attorney for Sarah A. Docherty," etc., and adjudging costs against him also. The rule was discharged as against the Secretary of the Interior. The relator took no exception to the discharge of the Secretary, and the Commissioner alone has appealed.

*Mr. Willis Van Devanter,* Assistant Attorney-General of the United States, and *Mr. A. C. Campbell,* for the appellant.

The relator, *Mr. Phillips,* appeared in his own behalf, and with him was *Mr. E. R. Walker.*

Mr. Justice SHEPARD delivered the opinion of the Court:

Our view of the question raised by the appellant on the effect of the dismissal of the petition as to the Secretary of the Interior, in the judgment appealed from, renders it unnecessary, if not improper, to express an opinion in respect of the rights of the relator, or the powers and duties of the Commissioner of Pensions, under the facts disclosed in the petition and return as stated above.

The Pension Office is a division or bureau of the Department of the Interior, and the Commissioner is required to perform his duties " under the direction of the Secretary of the Interior." R. S., Sec. 471.

Now whether, under some of the many subsequent acts and amendments of acts relating to pensions, he may be charged with certain plain, ministerial duties, the refusal to perform which would, without appeal to the Secretary for relief, subject him to the writ of *mandamus* at the suit of the aggrieved party, is also a question that is not necessary to be considered.

In accordance with what has, apparently, been the general practice in the Department, the relator did appeal to the Secretary from the refusal of the Commissioner to order the payment of the fee claimed in this case, and, as shown by the recitals of his petition, the action of the Commissioner was affirmed or approved.

A failure to exercise this right of appeal to the Secretary would of itself, apparently, be an effectual answer to a petition for a *mandamus* to the Commissioner alone. *Lochren* v. *Long,* 6 App. D. C. 486, 506.

Now, whilst the Commissioner might recall or change his own order or decision made in a particular case where no appeal has been taken, and take action accordingly, he loses that power when the order or decision has, through appeal, become that of his superior officer. It then becomes an order or direction to the Commissioner which he is bound to obey until recalled by the superior authority.

For this reason the Secretary of the Interior was properly made a party to the suit. He was a necessary party because the principal relief was necessarily against him. Relief against the Commissioner is merely incidental to that sought against the Secretary, because he is the agency through whom the Secretary would be compelled to act in the event of the issue of the writ.

We are not advised upon what special ground the petition was denied as against the Secretary, and sustained as to the Commissioner, but whatever it may have been, the relator acquiesced in the judgment that was rendered and is bound by its conditions.

The Secretary of the Interior being then, as we have seen, the principal party to the action, against whom, primarily, relief is sought, the inevitable effect of his dismissal there-

from must be to carry with it the merely incidental relief sought against his subordinate, the Commissioner of Pensions. *Warner Valley Stock Co. v. Smith,* 165 U. S. 28, 34.

In that case a bill had been filed against the Secretary of the Interior and the Commissioner of the Land Office to enjoin them from the exercise of further jurisdiction over, and from trespassing upon, certain public lands claimed by the plaintiff; and to compel the preparation and delivery to plaintiff of patents therefor. The Land Office is also a division of the Interior Department, and is under the immediate charge of a Commissioner who, like the Commissioner of Pensions, is charged with the performance of duties " under the direction of the Secretary of the Interior."

The bill was dismissed in the Supreme Court of the District, whose decree was affirmed by this court.

Whilst depending on appeal to the Supreme Court of the United States, Secretary Smith retired from office. The court, in accordance with its uniform practice in such cases, refused to permit his successor to be made a party, and entered a decree reversing the decree appealed from and directing the bill to be dismissed for want of proper parties. The reason for this action is thus stated: "As against the Commissioner of the General Land Office, the bill does not strictly abate, as upon the disappearance, by death or resignation, of the sole defendant in an action the cause of which does not survive against representatives or successors. But the bill can not be maintained against the Commissioner, because it shows no ground for relief against him alone, and the Secretary of the Interior is not and can not now be made a party."

Whilst that was a suit in equity for an injunction both preventive and mandatory, the governing principle of its decision is equally applicable in the case at bar.

For the reasons given, the judgment appealed from will be reversed with costs, and the cause remanded with directions to dismiss the petition as against the appellant. It is so ordered.    *Reversed.*